# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ALTPASS LLC, | ) |
| | ) |
| Plaintiff, | ) Case No. 2:20-cv-00125-JRG |
| | ) |
| v. | ) PATENT CASE |
| | ) |
| KYOCERA INTERNATIONAL, INC., | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |
| | ) |

**KYOCERA INTERNATIONAL, INC.'S MOTION TO DISMISS COMPLAINT FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TRANSFER TO SOUTHERN DISTRICT OF CALIFORNIA AND MEMORANDUM IN SUPPORT**

Defendant Kyocera International, Inc. ("Defendant" or "Kyocera") hereby moves to dismiss Plaintiff Altpass LLC's ("Altpass") Complaint (Dkt. No. 1 ("Complaint")) pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. Venue is improper in this District under 28 U.S.C. § 1400(b). In the alternative, Kyocera requests that this Court transfer this action to the United States District Court for the Southern District of California, where Kyocera is headquartered, pursuant to 28 U.S.C. § 1406(a).

## I.      INTRODUCTION

Based on the Supreme Court's decision in *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, No. 16-341, 137 S. Ct. 1514 (2017), Altpass's Complaint should be dismissed for improper venue because Kyocera does not reside in this District and Kyocera does not have a regular and established place of business in this District.

## II.     STATEMENT OF THE ISSUES

Whether venue is improper in this District under 28 U.S.C. § 1400(b) because Kyocera does not reside in this District and Kyocera does not have a regular and established place of business in this District.

## III.    STATEMENT OF FACTS

On April 26, 2020, Altpass filed this action against Kyocera, alleging infringement of three U.S. patents. (Compl. at 1.) Altpass then alleges that:

> Venue is proper in this district pursuant to 28 U.S.C. § 1400(b). Defendant has a regular and established place of business in this District located at 7801 Capital of Texas Highway, Suite 330, Austin, TX 78731. Additionally, Defendant has committed and continues to commit acts of patent infringement in this Judicial District, including by making, using, offering to sell, and/or selling accused products and services in this District, and/or importing accused products and services into this District.

(Compl. ¶ 5.) Austin, Texas is not located in this District, and the Complaint contains no other allegations that Kyocera either resides in this District or has a regular and established place of business in this District.

Kyocera is a California corporation with a principal place of business in San Diego, California. (Declaration of Eric Klein in Support of Kyocera International, Inc.'s Motion to Dismiss for Improper Venue, or, in the Alternative, Transfer to Southern District of California ("Klein Decl.") ¶ 2.) Kyocera does not have any place of business or offices in this District. (*Id.* at ¶ 3.) Additionally, Kyocera does not own, lease, or operate any business (including any office, warehouse, store, or other facility) in this District. (*Id.*) Nor does Kyocera own, lease, or manage any property in this District. (*Id.*)

## IV.     ARGUMENT

### A.     The Complaint Should Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(3).

Upon motion by the Defendant challenging venue in a patent case, "the Plaintiff bears the burden of establishing proper venue." *In re: ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018). Venue in patent infringement cases can be brought only in the judicial district where the defendant resides or where it "committed acts of infringement ***and*** maintains a regular and established place of business." 28 U.S.C. § 1400(b) (emphasis added). Altpass cannot satisfy its burden of establishing venue in the Eastern District of Texas because Kyocera (1) is a California corporation, and (2) has no regular and established place of business in this District.

As the United States Supreme Court held, a "domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *TC Heartland*, 137 S. Ct. at 1517. Kyocera is a California corporation with its principal place of business in San Diego, California.

(Klein Decl. ¶ 2.)  Thus Kyocera does not "reside" in this District for purposes of establishing venue.

To have a regular and established place of business in this District under 28 U.S.C. § 1400(b), the defendant must (1) maintain a physical location in the District, (2) that is a regular and established place of business, and (3) that is a place of the defendant.  *In re: Cray, Inc.*, 871 F.3d 1355, 1360-64 (Fed. Cir. 2017).

Here, the inquiry ends with the first of the three *Cray* requirements because Kyocera does not maintain a physical location in this District.  (Klein Decl. ¶ 3.)  Even if Altpass were to argue that venue is proper because independent retailers sell Kyocera products in this District (an allegation not found in the Complaint), as this Court explained in *EMED Techs. Corp. v. Repro-Med Sys., Inc.*, No. 2:17-CV-728-WCB-RSP, 2018 U.S. Dist. LEXIS 93658, at *3 (E.D. Tex. June 4, 2018), quoting from the Federal Circuit's decision in *Cray*:

> [T]he "place" must be "a physical, geographical location in the district from which the business of the defendant is carried out." [*Cray*] at 1362.  That place of business must be "regular"—i.e., "steady, uniform, orderly, and methodical,"—and "established"— i.e., "settled certainly, or fixed permanently."  *Id.* at 1362-63. (alterations omitted).  Finally, it must be "the place of the defendant," which the defendant "establish[ed] or ratif[ied]," and not, for example, "solely a place of the defendant's employee."  *Id.* at 1363.  Relevant considerations include "whether the defendant owns or leases the place, or exercises other attributes of possession or control over the place," and whether "the defendant conditioned employment on an employee's continued residence in the district or the storing of materials at a place in the district so that they can be distributed or sold from that place."  *Id.*

In *EMED Technologies*, Judge Bryson transferred the case to the Southern District of New York, holding that the place of business of a corporation's distributor that buys and resells its products, even if it is a "necessary distributor," is not an appropriate basis to establish venue for a patent infringement suit.  If the location of a reseller could be imputed to a defendant for purposes

3

of establishing venue, Judge Bryson explained, it would go against the policy of protecting defendants from being sued in a forum distant from their place of incorporation or residence. *Id.*

The holding in *EMED Technologies* would also apply here, as would the "abundant case law from other district courts" that Judge Bryson cited holding that the place of business of a defendant's distributor, dealer, or retailer cannot establish venue for the supplier. 2018 U.S. Dist. LEXIS 93658, at *5-8. Here, Altpass does not even allege that Kyocera has a regular and established place of business in this District (nor can it, given the undisputed facts above); instead Altpass's Complaint points to an alleged place of business of Kyocera located outside of this District. (Compl. ¶ 5.)

Venue is not proper in the Eastern District of Texas. If venue is improper, the Court must dismiss, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); Fed. R. Civ. P. 12(b)(3). Here, as Kyocera is a California corporation with its principal place of business in San Diego, California, this action could have been brought in the Southern District of California, and therefore transfer to that district would be appropriate. *See, e.g., AptusTech LLC v. Trimfoot Co.*, No. 4:19-CV-00133-ALM, 2020 U.S. Dist. LEXIS 42712 (E.D. Tex. Mar. 12, 2020) (granting motion to dismiss for improper venue and transferring case to Eastern District of Missouri, where defendant is headquartered); *Agis Software Dev., LLC v. ZTE Corp.*, No. 2:17-CV-00517-JRG, 2018 U.S. Dist. LEXIS 235914 (E.D. Tex. Sept. 28, 2018) (granting motion to dismiss for improper venue and transferring case to Northern District of California, where defendant is headquartered).

## V. CONCLUSION

For the foregoing reasons, Kyocera respectfully requests that the Court dismiss the Complaint for improper venue under Federal Rule of Civil Procedure 12(b)(3), or, in the alternative, transfer this case to the United States District Court for the Southern District of California in accordance with 28 U.S.C. § 1406(a).

Dated: July 6, 2020                                    Respectfully submitted,

                                                       */s/ Justin E. Gray*
                                                       Jose L. Patiño (CA Bar No. 149568)
                                                          josepatino@eversheds-sutherland.com
                                                       Nicola A. Pisano (CA Bar No. 151282)
                                                          nicolapisano@eversheds-sutherland.com
                                                       Justin E. Gray (CA Bar No. 282452)
                                                          justingray@eversheds-sutherland.com
                                                       EVERSHEDS SUTHERLAND (US) LLP
                                                       12255 El Camino Real, Suite 100
                                                       San Diego, CA 92130
                                                       Telephone:   858.252.6502
                                                       Facsimile:   858.252.6503

                                                       *Attorneys for Defendant*
                                                       KYOCERA INTERNATIONAL, INC.

6

**CERTIFICATE OF SERVICE**

    I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this, the 6th day of July, 2020.  Any other counsel of record will be served by first class U.S. Mail on this same date.

                                                    */s/ Justin E. Gray*  
                                                    Justin E. Gray